# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 5, 2010

Nos. 07-30815

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JERROLD MARTIN, also known as Jay,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana

Before JOLLY and DENNIS, Circuit Judges, and JORDAN, District Judge.[*]

E. GRADY JOLLY, Circuit Judge:

This case presents a question of whether a district court has jurisdiction to modify a sentence under 18 U.S.C. § 3582(c)(2)[1] while an appeal of the original sentence is pending before this court. We determine that in this case it does.

Jerrold Martin pled guilty to possession of at least fifty grams of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to eighty-seven months, at the bottom of the

---

[*] District Judge, Southern District of Mississippi, sitting by designation.

[1] Section 3582(c)(2) provides that a district court "may reduce [a prisoner's] term of imprisonment" after the Sentencing Commission makes retroactive amendments to the Sentencing Guidelines.

guideline range. After Martin appealed his sentence to this court but before he filed his brief, the Sentencing Commission amended the guidelines to reduce the disparity between cocaine and crack cocaine sentences and made the changes retroactive. In his briefs, he argued that he is entitled to a full resentencing because his sentence is unreasonable in the light of the revised guidelines.

Before the case was set for oral argument, the district court reduced Martin's sentence on its own motion under § 3582(c)(2) to seventy months and gave the parties sixty days to file objections. Martin requested a hearing and asked for a sentence between thirty-seven and forty-six months. He cited four factors: (1) the district court's ability to depart based on a disagreement with the guidelines under *Kimbrough*, (2) that the disparity between the guidelines violated the Fifth Amendment, (3) that he had made significant efforts at rehabilitation, and (4) that he was not a danger to the community. The district court refused a hearing, as Martin had a hearing at his original sentencing. Additionally, it determined it could not depart from the guidelines when modifying a sentence under § 3582(c)(2), that he established no equal protection claim, and that *United States v. Booker*, 543 U.S. 220 (2005), did not apply. The court imposed the seventy-month sentence, at the bottom of Martin's guideline range. Unsatisfied with his modified sentence, Martin filed a second appeal. He supplemented his briefs, reiterating his original arguments against his first sentence, and asking that his second sentence be vacated because the district court lacked jurisdiction to modify his sentence during his appeal.

Martin argues that he is entitled to remand for full resentencing, because his first sentence is unreasonable in the light of the revised guidelines. He made no objection at the time of sentencing, so we review for plain error. *United States v. Anderson*, 559 F.3d 348, 358 (5th Cir.), *cert. denied*, 129 S. Ct. 2814 (2009). As the district court is to sentence under the guidelines in effect at the

2

Nos. 07-30815 & 08-30818

time of sentencing, 18 U.S.C. § 3553(a)(4)(A)(ii), we find no error, much less plain error.

Martin next argues that we should vacate his second sentence, because the district court lacked jurisdiction. We disagree. A district court has jurisdiction to modify a sentence during appeal if doing so does not impair the prisoner's constitutional rights. *United States v. Stafford*, 29 F.3d 181, 184 (5th Cir. 1994). Martin argues that the court lacked jurisdiction, because a § 3582(c)(2) procedure, unlike a full resentencing, does not allow him to argue for a departure from the guidelines or to be present and allocute. *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009) (per curiam); *United States v. Moree*, 928 F.2d 654, 655-56 (5th Cir. 1991). His argument springs from the faulty premise that a retroactive guidelines change entitles a prisoner to a full resentencing. Retroactive guidelines changes entitle a prisoner only to move for sentence modification under § 3582(c)(2), not to a full resentencing.[2] *United States v. Miller*, 903 F.2d 341, 349 (5th Cir. 1990). As he is not entitled to resentencing, the district court deprived him of no constitutional rights by modifying his sentence under § 3582(c)(2) during his appeal. He brings no other challenge to his modified sentence, so the judgment of the district court is

AFFIRMED.

---

[2] Martin argues he is entitled to a full resentencing under *United States v. Park*, in which the district court vacated Park's sentence and remanded for resentencing in the light of retroactive guidelines amendments. 951 F.2d 634, 635-36 (5th Cir. 1992) (per curiam). To the extent that *Park* conflicts with *Miller*, *Miller* is the earlier case and its holding is binding precedent. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).