# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 7, 2012

Lyle W. Cayce
Clerk

No. 11-51116
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ALEJANDRO RODRIGUEZ-ALVAREZ, also known as Alejandro Alvarez-Rodriguez,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1517-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alejandro Rodriguez-Alvarez (Rodriguez) appeals his 41-month within-guidelines sentence for being unlawfully present in the United States following removal. He argues that his sentence was substantively unreasonable because it was greater than necessary to meet the goals of 18 U.S.C. § 3553(a). Citing *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), Rodriguez maintains that his sentence was unreasonable because his prior aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assault of a child conviction was stale and he has no serious subsequent criminal history. He asserts that one month after his sentence was imposed an amendment to U.S.S.G. § 2L1.2 that would have lowered his guidelines sentence range became effective and that his culpability was mitigated by his positive motive for returning.

Rodriguez argues that his request for a downward departure or variance was sufficient to preserve his reasonableness challenge for review. As Rodriguez acknowledges, this argument is foreclosed, and we review the substantive reasonableness of the sentence for plain error because Rodriguez did not object in the district court to the sentence as unreasonable. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

As Rodriguez's sentence was within the guidelines range, a presumption of reasonableness applies. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Rodriguez argues that a presumption of reasonableness should not apply because § 2L1.2 is not empirically based. As Rodriguez acknowledges, this argument is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

This court has explicitly rejected the Ninth Circuit's reasoning in *Amezcua-Vasquez*. *United States v. Rodriguez*, 660 F.3d 231, 233-34 (5th Cir. 2011). The amendment to § 2L1.2 that became effective after Rodriguez's sentencing does not make Rodriguez's sentence unreasonable or plainly erroneous. *See United States v. Martin*, 596 F.3d 284, 285-86 (5th Cir. 2010).

The district court, explicitly considering the § 3553(a) sentencing factors and the arguments raised by Rodriguez, found that a sentence within the guidelines sentence range was appropriate. In light of the totality of the circumstances, Rodriguez has not shown that the sentence was plainly erroneous. *See Gall v. United States*, 552 U.S. 38, 51 (2007)*; Rita v. United States*, 551 U.S. 338, 359-60 (2007); *Peltier*, 505 F.3d at 392-94.

AFFIRMED.