**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2012

No. 11-11180

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR HORACIO LARA-ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-91

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Omar Horacio Lara-Espinoza, a citizen of Mexico, pleaded guilty to a one-count indictment charging him with being present in the United States unlawfully after removal, in violation of 8 U.S.C. § 1326. The presentence report ("PSR"), prepared on October 5, 2011, calculated his total offense level to be 21 with a criminal history category of II, resulting in a recommended Sentencing Guidelines range of 46 to 57 months of imprisonment. Citing Guidelines § 5D1.1 and § 5D1.2, the PSR also noted that the applicable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11180

Guidelines range for a term of supervised release was at least two years but not more than three years.

Effective November 1, 2011, however, Guidelines section 5D1.1 was amended to add subsection (c), which provides: "The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). The commentary accompanying § 5D1.1(c) states:

> Application of Subsection (c).—In a case in which the defendant is a deportable alien specified in subsection (c) and supervised release is not required by statute, the court ordinarily should not impose a term of supervised release. Unless such a defendant legally returns to the United States, supervised release is unnecessary. If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

U.S.S.G. § 5D1.1, cmt. (n.5).[1] Lara-Espinoza did not object to the PSR. On December 1, 2011, the district court fully adopted the PSR and sentenced Lara-Espinoza to a term of 50 months imprisonment, to be followed by three years of supervised release.

On appeal, Lara-Espinoza contends that the district court plainly erred in imposing a term of supervised release. Plain error review requires four

---

[1] Guidelines commentary is binding and is equivalent in force to the Guidelines language itself as long as the language and the commentary are not inconsistent. *United States v. Rayo-Valdez*, 302 F.3d 314, 318 n.5 (5th Cir. 2002) (citation omitted).

2

determinations: whether there was error at all; whether it was plain or obvious; whether the error affected the defendant's substantial rights; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice. *United States v. Olano*, 507 U.S. 725, 732-37 (1993); *United States v. Infante*, 404 F.3d 376, 394 (5th Cir. 2005).  This court retains discretion to correct reversible plain error and will do so "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and alterations omitted).

The district court's application of the wrong Guidelines section was error that is clear or obvious. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); *see also United States v. Martin*, 596 F.3d 284, 286 (5th Cir. 2010) ("the district court is to sentence under the guidelines in effect at the time of sentencing"); *United States v. Gaither*, 494 F. App'x 393, 393-94 (5th Cir. 2011) (unpublished) (application of Guidelines section that was not in effect at the time of sentencing constituted clear or obvious error).  However, the error did not affect Lara-Espinoza's substantial rights because at sentencing, the district court conducted the factual consideration of whether the imposition of supervised release "would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case" in accordance with the amended Guidelines commentary accompanying § 5D1.1.  The district court noted,

> [I]t seems to me that if we are going to deter individuals . . . from coming back in the country after they have committed aggravated offenses, such as the one that you've committed, and particularly it is in strong societal interest to deter individuals who engaged in the kind of crime that you were convicted of, aggravated assault involving gang violence, then the sentence has to make sense.  It has to be within the guideline range.

No. 11-11180

Notably also, we have held that the imposition of supervised release under the current Guidelines provision, as challenged for the first time on appeal by Lara-Espinoza, does not constitute plain error. *See United States v. Dominguez-Alvarado*, No. 11-41304 (5th Cir. Sept. 12, 2012).  Even though the district court adopted an outdated Guidelines provision in imposing a term of supervised release, Lara-Espinoza's sentence was imposed in accordance with the amended Guidelines; perceiving no effect on the defendant's substantial rights and  no miscarriage of justice that would require reversal, we hold that Lara-Espinoza's sentence is AFFIRMED.