# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2012

No. 11-41409
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUCAS CRUZ-TELON, also known as Luis Lopez-Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-954

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appointed counsel for Lucas Cruz-Telon (Cruz) previously moved to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no nonfrivolous grounds for appeal. He now seeks to withdraw his *Anders* motion and has filed a merits brief challenging the sentence Cruz received following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. The motion to withdraw the previously filed *Anders* motion is granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41409

Counsel now contends, for the first time, that the district court reversibly erred in relying on an outdated version of the Guidelines and imposing a three-year term of supervised release as part of Cruz's sentence. Because Cruz did not raise any challenge to the imposition of supervised release below, review is limited to plain error. *See United States v. Allison*, 447 F.3d 402, 405 (5th Cir. 2006). To show plain error, Cruz must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but it will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

As the parties concede, the district court's application of the outdated version of the Guidelines was error that is clear or obvious. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); *see also United States v. Martin*, 596 F.3d 284, 286 (5th Cir. 2010). However, the error did not affect Cruz's substantial rights because, at sentencing, the district court conducted the factual consideration whether the imposition of supervised release "would provide an added measure of deterrence and protection based on the facts and circumstances" of his particular case, in accordance with the amended U.S.S.G. § 5D1.1 and commentary. § 5D1.1(c) & comment. (n.5)*; see United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012). Thus, Cruz has not demonstrated any effect on his substantial rights or any miscarriage of justice requiring reversal. *See Puckett v. United States*, 556 U.S. at 135. Accordingly, the district court's judgment is affirmed. Cruz's pro se motion for the appointment of substitute counsel, filed in response to the *Anders* motion, is denied.

AFFIRMED; MOTION TO WITHDRAW *ANDERS* MOTION GRANTED; MOTION FOR APPOINTMENT OF SUBSTITUTE COUNSEL DENIED.