# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10545
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR ACOSTA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-213-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Oscar Acosta appeals from his conviction of possession of methamphetamine with intent to distribute, for which he was sentenced to 420 months of imprisonment. Acosta contends that his sentence was substantively unreasonable because of his youth, his father's bad example, and the recently effective Amendment 782 to the Sentencing Guidelines, which lowered offense levels for many drug offenders.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10545

Because Acosta did not object to the reasonableness of his sentence in the district court, his challenge on appeal is reviewed for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007). To succeed on plain error review, an appellant must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court may exercise its discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, bracketing, and citation omitted).

"[A] sentence within a properly calculated guideline sentencing range is presumptively reasonable." *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

The district court noted Acosta's age, then determined that his criminal history rendered him a danger to society as a potential recidivist and concluded that a within-range sentence would address the 18 U.S.C. § 3553(a) sentencing factors. Protection of the public and specific deterrence are among the § 3553(a) factors. *See* § 3553(a)(2)(B), (C). Age and lack of guidance as a youth are factors that may be considered under § 3553(a). *United States v. Mondragon-Santiago,* 564 F.3d 357, 363 & n.4 (5th Cir. 2009). However, an adult defendant's age, without more, does not render a within-range sentence substantively unreasonable, at least not to the extent that such a sentence is reversible under the plain error standard. *See United States v. Powell,* 732 F.3d 361, 382 (5th Cir. 2013), *cert. denied,* 134 S. Ct. 1326 (2014). Moreover,

No. 14-10545

the district court's weighing of the § 3553(a) factors is entitled to deference, and Acosta's mere disagreement with the district court's weighing of those factors does not establish that the sentence was substantively unreasonable. *See Gall v. United States,* 552 U.S. 38, 51 (2007).

Finally, the district court correctly used the Guidelines in effect at the time of Acosta's sentencing on May 2, 2014. *See United States v. Martin*, 596 F.3d 284, 286 (5th Cir. 2010). Amendment 782 becomes retroactively applicable effective November 1, 2015. *See* U.S.S.G., App. C, Amend.788. Acosta may seek a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), to become effective on November 15, 2015, but he cannot obtain relief on direct appeal. *See Martin*, 596 F.3d at 286.

AFFIRMED.