# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11396
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AGNE VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-392-5

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Agne Vasquez was convicted of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and distribution and possession with intent to distribute 50 grams or more of methamphetamine; he later pleaded guilty to possession of a firearm by an illegal alien.  The district court sentenced Vasquez within the applicable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range to concurrent terms of imprisonment of 292 months as to the methamphetamine offenses and 120 months as to the firearms offense.

Vasquez contends that the evidence is insufficient to prove that he was a knowing participant in the conspiracy to possess with intent to distribute a controlled substance. Because Vasquez moved for a judgment of acquittal at the close of the evidence, we review sufficiency de novo, *see United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013), under the familiar "rational trier of fact" standard, *see United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011).

To prove that a defendant conspired to possess with intent to distribute a controlled substance, the Government must prove: (1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy. *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012). Vasquez disputes only whether he knew of and voluntarily participated in the conspiracy.

The totality of the evidence at trial was sufficient for a reasonable trier of fact to conclude that Vasquez was a knowing participant in the conspiracy. The evidence included the following: (1) an undercover officer testified that Vasquez was present during the first covert drug transaction and appeared to be interested in what was going on; (2) two conspirators, Tony Hernandez—the leader of the organization and Vasquez's cousin who lived across the street from him—and Johnny Gamez, testified that Vasquez regularly sold the organization's methamphetamine to a known user, "Flaco"; (3) Vasquez negotiated a drug transaction with Flaco in an intercepted cellphone call, during which he referenced a debt Flaco owed from a prior purchase; (4) Vasquez sent conspirator Miguel Quintero—his cousin who resided with

him—a text message, which an agent testified included coded references to drugs; (5) officers executing a search warrant of Vasquez's residence discovered an arsenal of firearms (the majority of which were loaded), high-capacity magazines, and ammunition in the house, including Vasquez's bedroom; and (6) the undercover officer testified that Vasquez provided security and counter-surveillance during another covert drug transaction, which involved nearly $10,000 of methamphetamine and which took place in Vasquez's driveway. Taken together and viewed in the light most favorable to the verdict, the totality of the evidence was sufficient for a rational juror to conclude Vasquez conspired to possess with intent to distribute methamphetamine. *See Zamora*, 661 F.3d at 209.

Next, Vasquez challenges the procedural reasonableness of his sentence. In this vein, he first argues that the district court erred in failing to find that he was a minor participant in the criminal activity and thus qualified for a minor role adjustment under U.S.S.G. § 3B1.2. Whether a defendant is a minor participant is a factual determination reviewed for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

As an initial matter, Vasquez was held accountable for only the amount of methamphetamine ice purchased during the two transactions in which he provided security and counter-surveillance and during another transaction involving Flaco. His role in this offense thus was "coextensive with the conduct for which [he] was held accountable." *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001). Moreover, Vasquez provided protection and counter-surveillance for drug transactions; maintained security cameras at several locations related to the conspiracy, including the stash house; maintained an arsenal of weapons at his residence; and directly distributed methamphetamine. Based on the record as a whole, the district court did not

clearly err in denying Vasquez a minor role adjustment. *See Villanueva*, 408 F.3d at 203-04.

Vasquez next challenges the district court's application of the enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). He concedes that, during a search of his home, agents found nine weapons, but he argues that (1) the Government failed to prove that he used the firearms "in furtherance of" the drug trafficking activity, and (2) the firearms served a legitimate purpose, i.e., to protect his family. Vasquez's first argument is without merit, as the fact that he was acquitted of possessing a firearm in furtherance of a drug trafficking offense does not bar the district court from applying this enhancement. *See United States v. Jacquinot*, 258 F.3d 423, 431 (5th Cir. 2001). Vasquez's second argument also falls short of demonstrating error, as the facts support that the firearms were accessible to protect the methamphetamine as well as the participants during their illicit activities. *See United States v. Ruiz*, 621 F.3d 390, 396-97 (5th Cir. 2010). Additionally, there was a sufficient temporal and spatial relationship between Vasquez, the firearms, and the drug trafficking activity. *See United States v. Navarro*, 169 F.3d 228, 230, 235 (5th Cir. 1999). As it is not clearly improbable that the firearms were connected with the offense, *see* § 2D1.1, comment. (n.11(A)), the district court did not clearly err. *See Ruiz*, 621 F.3d at 396-97.

Next, Vasquez argues that the district court clearly erred in imposing the two-level enhancement pursuant to § 2D1.1(b)(5), which applies if, as pertinent here, the offense involved the importation of methamphetamine and the defendant is not subject to a mitigating role adjustment. At trial, Hernandez testified that he received kilogram-quantities of methamphetamine ice from a source in Mexico; that the drug was manufactured in Mexico; and that the drugs Vasquez sold to Flaco originated

from Hernandez. Accordingly, Vasquez has not shown that the district court erred in applying the importation enhancement. *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir.), *cert. denied*, 2014 WL 3509481 (Oct. 6, 2014) (No. 14-5236).

Turning to the substantive reasonableness of the sentence, Vasquez suggests for the first time on appeal that, at the December 2013 sentencing hearing, the district court should have varied from the guidelines range in light of the United States Sentencing Commission's May 2014 recommendation for a two-level reduction in the base offense levels in the Drug Quantity Table in § 2D1.1. This argument is unavailing, as the proposed change to the Guidelines was not in effect at the time of sentencing; indeed, it had not yet been recommended. *See United States v. Martin*, 596 F.3d 284, 286 (5th Cir. 2010); U.S.S.G. § 1B1.11(a).

Vasquez further contends that the district court failed to consider all his arguments and the 18 U.S.C. § 3553(a) factors. The district court indicated that it had considered all the § 3553(a) factors and that it had reviewed the facts of the case and Vasquez's individual circumstances in determining a sufficient sentence. Further, Vasquez's argument that his sentence is substantively unreasonable because the methamphetamine Guidelines lack an empirical basis is unavailing. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Finally, Vasquez has not shown the existence of any unwarranted disparity between his sentence and those of any similarly situated methamphetamine offenders or any of his co-defendants. In sum, Vasquez has not rebutted the presumption of reasonableness that attaches to his within-guidelines-range sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.