# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41019
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE MANUEL TOVAR MORENO,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-183-2

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Manuel Tovar Moreno appeals his guilty plea conviction and sentence for conspiracy to distribute and to possess with intent to distribute methamphetamine.

Tovar Moreno argues that the magistrate judge committed reversible plain error by misinforming him of the maximum term of supervised release he faced. Because he failed to object to the plea colloquy below, Tovar Moreno's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

due process argument regarding the erroneous advisement during the plea colloquy is reviewed for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). He must show a forfeited error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Tovar Moreno makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Due to the operation of the safety valve provisions within the Guidelines, Tovar Moreno faced a five-year maximum term of supervised release. *See* U.S.S.G. § 5C1.2, comment. (n.9); U.S.S.G. § 5D1.2(a) & comment. (n.2). This is consistent with the information Tovar Moreno was given by the magistrate judge during rearraignment. Accordingly, Tovar Moreno has not demonstrated that the magistrate judge committed a clear or obvious error that affected his substantial rights. *See Puckett*, 556 U.S. at 135.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). The district court's application of the Guidelines is reviewed de novo, and its fact findings are reviewed for clear error. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).

Tovar Moreno argues that the district court clearly erred by finding that he was responsible for conspiring to distribute over 15 kilograms of methamphetamine. The district court's determination of drug quantity for purposes of sentencing is a factual finding that will be upheld unless it is not plausible in light of the entire record. *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).

No. 13-41019

The district court overruled Tovar Moreno's objection to the drug quantity determination contained in the presentence report based on the fact that Tovar Moreno admitted, as part of his factual basis, that the conspiracy involved 50 kilograms of methamphetamine. The district court's finding that the offense involved at least 15 kilograms or more of methamphetamine is plausible in light of the entire record. *See Alaniz*, 726 F.3d at 618. Accordingly, that finding is not clearly erroneous. *Id.*

Tovar Moreno also argues that the district court clearly erred by refusing to grant an offense level reduction based on his role in the offense. Whether a defendant is a minor or minimal participant is a factual determination reviewed for clear error. *See Alaniz*, 726 F.3d at 626; *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *Villanueva*, 408 F.3d at 204 (internal quotation marks and citation omitted).

The record belies Tovar Moreno's contention that his role in the offense was merely that of a chauffeur or courier. Furthermore, even if Tovar Moreno's characterization of his conduct were accurate, he is not entitled to relief. *See United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989). The record reflects that Tovar Moreno admitted his knowledge of the scope of the conspiracy and performed tasks that were integral to the success of the enterprise. Tovar Moreno has not established that his role in the offense was peripheral. *See Villanueva*, 408 F.3d at 204. Accordingly, the district court's finding that he was not entitled to a role reduction is not clearly erroneous. *See Alaniz*, 726 F.3d at 618.

No. 13-41019

Tovar Moreno also argues that the district court plainly erred by applying a two-level adjustment based on a finding that the methamphetamine was imported. Because Tovar Moreno raises this argument for the first time on appeal, we review for plain error. *See Puckett*, 556 U.S. at 135. The Guidelines provide for a two-level increase in the offense level if the offense involved the importation of methamphetamine and the defendant is not subject to a mitigating role adjustment. U.S.S.G. § 2D1.1(b)(5). The adjustment applies whether or not the defendant had knowledge of the importation. *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir.), *cert. denied*, 135 S. Ct. 219 (2014).

The presentence report indicated that the methamphetamine came from Mexico. Tovar Moreno neither objected to nor disputed this information. Accordingly, the district court could rely on the information. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013). The information contained in the presentence report, coupled with counsel's statements at sentencing, shows that the record is not devoid of evidence regarding the origin of the methamphetamine. Tovar Moreno has therefore failed to establish that the district court committed error, plain or otherwise, by imposing the two-level adjustment. *See Puckett*, 556 U.S. at 135.

Finally, Tovar Moreno argues that the case should be remanded for resentencing in light of Amendment 782 to the Sentencing Guidelines. We reject this argument. The district court correctly used the Guidelines in effect at the time of Tovar Moreno's sentencing. *See United States v. Martin*, 596 F.3d 284, 286 (5th Cir. 2010).

AFFIRMED.

4