# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40775
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDREI ALVAREZ-LOPEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-211

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edrei Alvarez-Lopez pleaded guilty to conspiring to possess, with intent to distribute, more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The presentence investigation report stated Alvarez was responsible for 162.35 kilograms of marijuana; it used the 2013 Sentencing Guidelines to calculate his advisory Guidelines-sentencing range. That advisory range, which included a two-level safety-valve reduction, was

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-40775

37-46 months' imprisonment.  The district court imposed, *inter alia*, 37 months' imprisonment.  Alvarez challenges his guilty-plea conviction and sentence.

In challenging his conviction, Alvarez claims his guilty plea was unknowing and involuntary because the district court failed to admonish him, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(D), that he had the right to self-representation.  He also contends he was not made aware that counsel had been appointed for him.  Because he raises this issue for the first time on appeal, review is only for plain error.  *E.g., United States v. Vonn*, 535 U.S. 55, 59 (2002).  Under that standard, Alvarez must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

The right to counsel and the right to self-representation are distinct rights, *Brown v. Wainwright*, 665 F.2d 607, 610-11 (5th Cir. 1982); and Rule 11(b)(1)(D) does not require an admonishment regarding the right to self-representation, Fed. R. Crim. P. 11(b)(1)(D) (requiring admonishment about right to representation by counsel and possible court-appointed counsel).  Alvarez refused to waive his right to counsel, averred he was indigent, and affirmatively requested appointment of counsel.  And, he concedes nothing in the record shows he intended to represent himself in district court.  Therefore, there is no clear or obvious error.  *E.g., Brown*, 665 F.2d at 610-11.

For Alvarez' challenge to his sentence, and although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose.

No. 14-40775

*Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Alvarez claims the court, at sentencing on 17 July 2014, improperly calculated his Guidelines-sentencing range by failing to grant the parties' joint request that he receive an additional two-level reduction based on the lower base-offense levels for drug-related offenses that were to, and did, take effect in November 2014 under Amendment 782 to the Guidelines. It is unclear whether Alvarez preserved this challenge to the procedural reasonableness of his sentence. Because Alvarez has not shown error, the standard of review need not be decided. *E.g., United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The court correctly used the Guidelines in effect at the time of Alvarez' sentencing. *See, e.g., United States v. Martin*, 596 F.3d 284, 286 (5th Cir. 2010). But, Amendment 782 will become retroactively applicable on 1 November 2015. U.S.S.G., Supp. to App'x. C, Amend. 788. Thus, in the future, Alvarez may seek a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2); but, he cannot obtain relief in direct appeal. *Martin*, 596 F.3d at 286.

AFFIRMED.