# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

No. 14-40757
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIAN ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-73-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Julian Espinoza pleaded guilty to one count of conspiracy to possess with intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and/or 50 grams or more of methamphetamine (actual). He was sentenced at the bottom of the advisory guidelines range to 262 months of imprisonment and five years of supervised release. As his sole issue on appeal, Espinoza requests that this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court remand his case for resentencing under Amendment 782 to the Sentencing Guidelines. The Government opposes Espinoza's request and moves for summary affirmance. In the alternative, the Government requests an extension of time to file a brief on the merits.

Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006) (internal quotation marks and citation omitted). Espinoza was sentenced on July 8, 2014. The district court correctly used the Guidelines in effect at the time of Espinoza's sentencing. *See United States v. Martin*, 596 F.3d 284, 286 (5th Cir. 2010). Amendment 782, however, which amended the drug quantity table in U.S.S.G. § 2D1.1(c) and effectively lowered most drug-related base-offense levels by two levels, became effective on November 1, 2014. *See* U.S.S.G., App. C., Amend. 782.

Espinoza may seek a reduction in his sentence under 18 U.S.C. § 3582(c)(2), to become effective on November 1, 2015, *see* U.S.S.G., App. C, Amend. 788; U.S.S.G. § 1B1.10(e)(1), but he cannot obtain relief on direct appeal, *see Martin*, 596 F.3d at 286; *see also United States v. Moreno*, 598 F. App'x 261, 263 (5th Cir. 2015) (per curiam). Although Espinoza attempts to distinguish *Martin* on the basis that he is not seeking a full resentencing hearing, *Martin* still stands for the proposition that a "district court is to sentence under the guidelines in effect at the time of sentencing." 596 F.3d at 286. Moreover, once an amendment to a guideline takes effect retroactively, the "proper mechanism" for requesting a sentencing reduction based on that amendment is "a motion brought under 18 U.S.C. § 3582(c)(2)." *United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998); *United States v. Miller*, 903

No. 14-40757

F.2d 341, 349 (5th Cir. 1990) ("[U]nder section 3582(c)(2), [the defendant] must first file his motion for modification of his sentence with the district court."). It is ultimately the district court, not this court, that has the discretion to determine whether to grant a reduction. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

For the reasons stated above, Espinoza's conviction and sentence are AFFIRMED, and the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for extension of time to file an Appellee's brief is DENIED as moot.