## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40784

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICK ROGELIO CONTRERAS, also known as Eddie, also known as Pilar Gonzalez-Lopez, also known as Armando,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before CLEMENT and OWEN, Circuit Judges, and JORDAN, District Judge.*
EDITH BROWN CLEMENT, Circuit Judge:

Rick Contreras pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine. His total offense level under the Sentencing Guidelines was 35, yielding a guideline range of 168 to 210 months of imprisonment. Because he agreed to waive his right to appeal, the government recommended that the district court grant a one-level reduction of his offense level under U.S.S.G. § 5K2.0. The district court thus departed

---

* District Judge of the Southern District of Mississippi, sitting by designation.

downward, reducing Contreras's offense level to 34, yielding a range of 151 to 188 months. The district court then sentenced him to 151 months.

After Contreras was sentenced, the Sentencing Commission amended the Sentencing Guidelines to reduce most drug-related base offense levels by two; that amendment later became retroactively applicable to inmates, like Contreras, who were sentenced before the amendment took effect. *See United States v. Espinoza*, 609 F. App'x 271, 271-72 (5th Cir. 2015) (unpublished); *United States v. Acosta*, 584 F. App'x 276, 277-78 (5th Cir. 2014) (per curiam) (unpublished). Under 18 U.S.C. § 3582(c)(2), a defendant may move to modify his sentence if he was sentenced based on a sentencing range that was later lowered by the Sentencing Commission.

Contreras thus moved to modify his sentence to take advantage of the amendment, and the district court granted Contreras's motion. It found that, because of the amendment, his total offense level was now 33 (his original, pre-departure offense level of 35, minus two levels), yielding a guideline range of 135 to 168 months. The district court then reduced his sentence to 135 months.

Contreras appealed. He argues that the district court not only should have reduced his total offense level to 33 but also should have re-imposed the downward departure under § 5K2.0, leading to an offense level of 32 and a guideline range of 121 to 151 months.

We reject Contreras's argument. The Sentencing Guidelines make clear that, in granting his § 3582(c)(2) motion, the district court was not authorized to re-impose the downward departure.[1]

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy

---

[1] "We review *de novo* the district court's interpretation of the Sentencing Guidelines and Application Notes, applying ordinary rules of statutory construction." *United States v. Moore*, 733 F.3d 161, 162 (5th Cir. 2013).

statement is warranted, the court shall determine the amended guideline range that would have been applicable" if the amendment was in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). That amended guideline range is the range "that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined *before consideration of any departure provision in the Guidelines Manual or any variance." Id.* § 1B1.10 cmt. n.1(A) (emphasis added).[2] In other words, the court re-calculates the guideline range without re-applying departures or variances, and it may then reduce the defendant's sentence within that amended guideline range.

Importantly for Contreras, a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under [§ 1B1.10(b)(1)]." U.S.S.G. § 1B1.10(b)(2)(A). Put differently, the district court is to determine the amended guideline range without considering departures or variances, and it cannot reduce the defendant's sentence below that range. One exception to this rule exists: If the defendant received a below-guidelines sentence because the government moved for a reduction based on the defendant's substantial assistance to authorities, "a reduction comparably less than the amended guideline range determined under [§ 1B1.10(b)(1)] may be appropriate." *Id.* § 1B1.10(b)(2)(B). That exception does not apply here because Contreras did not receive a reduction for substantial assistance.

Here, the district court determined that Contreras's amended guideline range, which was yielded by an offense level of 33 (two levels below his original,

---

[2] "The Guidelines commentary is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Moore*, 733 F.3d at 162-63 (internal quotation marks omitted).

pre-departure level of 35), was 135 to 168 months. Because Contreras did not receive a reduction for substantial assistance, the district court could not reduce his sentence further by applying the § 5K2.0 departure it had previously applied.[3] The district court thus did not err by reducing Contreras's sentence to 135 months.[4]

AFFIRMED.

---

[3] Several other circuits have also reached similar conclusions. *See, e.g.*, *United States v. Taylor*, No. 15-5930, --- F.3d ---, 2016 WL 860340, at *2-3 (6th Cir. Mar. 7, 2016); *United States v. Hogan*, 722 F.3d 55, 59-63 (1st Cir. 2013); *United States v. Steele*, 714 F.3d 751, 753-57 (2d Cir. 2013) (per curiam).

[4] Contreras also contends that the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors in determining his reduced sentence. But the district court sentenced him to 135 months, the lowest sentence within the authorized range. Even if it did not adequately consider the § 3553(a) factors, Contreras could not have suffered any prejudice. And our review of the record indicates that the district court did adequately consider them: The district court had before it Contreras's arguments in favor of a sentence reduction, a synopsis of his post-sentencing conduct, his criminal and immigration history, and other relevant information. The district court specifically stated that it considered the § 3553(a) factors in determining that the reduced sentence was appropriate. The district court did not abuse its discretion. *See United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009).