# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51099
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR DIEGO VALDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-124-8

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:*

Omar Diego Valdez, federal prisoner # 55957-280, moves for leave to proceed in forma pauperis (IFP) on appeal. He argues that the district court, in granting his 18 U.S.C. § 3582(c)(2) motion, erroneously failed to order more than a seven-month reduction of his sentence and that he should have received the same 30-month credit he received at his original sentencing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51099

Valdez did not file a notice of appeal within the applicable 14-day period. *See* FED. R. APP. P. 4(b)(1)(A). His untimely notice, however, was filed within the time for seeking an extension of the appeal period. *See* FED. R. APP. P. 4(b)(4). Because Valdez's appeal is frivolous, it would be futile to remand for the district court to determine whether Valdez's late filing was due to excusable neglect or good cause. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Accordingly, as there is no jurisdictional impediment to considering the merits and because the Government has raised no objection, we pretermit whether Valdez timely noticed his appeal. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).

Valdez's motion to proceed IFP constitutes a challenge to the district court's certification that Valdez's appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Valdez's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Valdez has not demonstrated that a nonfrivolous issue for appeal exists in this case. *See id.* The district court, in granting Valdez's § 3582(c)(2) motion, ordered a 151-month prison term, which is the minimum of the amended guidelines range. Valdez does not assert, and the record does not indicate, that he originally received a below-guidelines sentence pursuant to a government motion to reflect his substantial assistance to authorities. Accordingly, the district court could not have further reduced Valdez's sentence, and there was no abuse of discretion. *See* U.S.S.G. § 1B1.10(b)(2)(A), (B) & comment. (n.3) (2015); *United States v. Contreras*, 820 F.3d 773, 774-75 (5th Cir. 2016); *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

No. 16-51099

Because the appeal lacks arguable merit and is thus frivolous, Valdez's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.