# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10617
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS A. HERNANDEZ, also known as Beto, also known as Jesse,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-229-2

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Jesus A. Hernandez, federal prisoner # 38315-177, filed a notice of appeal from the denial of his motion to reconsider a reduced sentence of 168 months imposed under 18 U.S.C. § 3582(c)(2). However, his appellate brief does not address the motion for reconsideration and only mentions the § 3582(c) motion in passing. Instead, it primarily addresses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10617

claims Hernandez raised in an unsuccessful 28 U.S.C. § 2255 motion that is not before this court.

Hernandez does assert that the district court erred by applying certain guidelines enhancements and that his sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). We liberally construe these arguments as challenging the reduced sentence imposed under § 3582(c)(2).

Because Hernandez did not raise the arguments in the district court, plain error review applies. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2011). He must show, inter alia, that the district court committed an error that was clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court did not err in applying the same guidelines enhancements under § 3582(c)(2) that it applied at sentencing. *See* U.S.S.G. § 1B1.10(b)(1) (p.s.); *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015). Nor did it err in determining that it could not reduce Hernandez's sentence below the amended guidelines minimum. *See* § 1B1.10(b)(2)(A); *United States v. Contreras*, 820 F.3d 773, 775 (5th Cir. 2016). Accordingly, the judgment of the district court is AFFIRMED.