# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-40394
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR MARIO GALINDO,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-493-2

———————

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

Hector Mario Galindo, federal prisoner # 31028-179, was convicted of one count of conspiring to possess more than five kilograms of cocaine with intent to distribute and one charge of knowingly and intentionally possessing a firearm in furtherance of a drug trafficking crime. The district court sentenced him to serve a below-guidelines term of 150 months on the drug charge, to run consecutively to 60 months on the firearms charge. Now, he moves for leave to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed in forma pauperis (IFP) on appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence, which invoked Amendment 782 to the Sentencing Guidelines, and for leave to refile his §3582(c) motion.  We will not grant the motion unless he shows that he has an arguable claim and that his appeal is thus taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *United States v. Boutwell*, 896 F.2d 884, 889-90 (5th Cir. 1990) (one-judge order); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Although Amendment 782 to the Sentencing Guidelines amended the drug quantity table set forth in U.S.S.G. § 2D1.1(c), effectively lowering most drug-related base offense levels by two levels, the district court correctly determined that Galindo was ineligible for § 3582(c)(2) relief because his 150-months prison sentence is below the lowest sentence available to him under the new Guidelines, and his original sentence was not based upon a reduction for substantial assistance.  *See* U.S.S.G. § 1B1.10(b)(2)(A); *United States v. Contreras*, 820 F.3d 773, 775 (5th Cir. 2016) ("[T]he district court . . . cannot reduce the defendant's sentence below [the amended guideline range without considering departures or variances unless] . . . the government moved for a reduction based on the defendant's substantial assistance to authorities.").

Galindo has not shown that his appeal "involves legal points arguable on their merits (and therefore not frivolous)."  *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted).  Accordingly, his motions for leave to proceed IFP on appeal and to refile his § 3582(c) motion are DENIED, and the appeal is DISMISSED.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.