# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-41001
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEBASTIAN BANDA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-189-5

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Sebastian Banda, federal prisoner # 18014-078, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his 262-month sentence for conspiracy to possess with intent to manufacture and distribute methamphetamine. The sentence was imposed based on a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement, in which the parties agreed that a sentence of 262 months was appropriate.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41001

On appeal, Banda argues that the district court erred in denying his motion for a sentence reduction pursuant to § 3582(c)(2), which he had sought based on Amendment 782 of the Sentencing Guidelines and in light of *Hughes v. United States*, 138 S. Ct. 1765, 1778 (2018).  He contends that the district court assessed a total offense level of 37 and that, with a two-level reduction pursuant to Amendment 782, his new offense level would be 35 and his guidelines sentencing range would be reduced to 210 to 262 months of imprisonment.

The record establishes that the district court calculated a base offense level of 38, which, after a two-level increase under U.S.S.G. § 2D1.1(b)(1), resulted in a total offense level of 40.  Under the new Guidelines provided for in Amendment 782, Banda's base offense level would be set at 36 due to his responsibility for a marijuana equivalency of 43,016.32 kilograms.  *See* U.S.S.G., App. C, Amend. 782; § 2D1.1(c)(2).  After the § 2D1.1(b)(1) two-level increase, Banda's total offense level of 38, combined with his criminal history category of III, would result in an amended guidelines range of 292 to 365 months of imprisonment, which would be higher than the 262-month sentence imposed.  *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).  Because the record does not indicate that Banda received a substantial-assistance reduction, the district court did not err in denying his § 3582(c)(2) motion to reduce his sentence.  *See* U.S.S.G. § 1B1.10(b)(2)(A), (B); *United States v. Contreras*, 820 F.3d 773, 775 (5th Cir. 2016).

Accordingly, the district court's judgment is AFFIRMED.